UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Jeffrey Kamerer, Jr.

    Plaintiff,

    v.

Ronald J. Bradcovich,

    Defendant.

Case No. 2:13–cv–1192

Judge Michael H. Watson

Magistrate Judge King

## OPINION AND ORDER

Ronald J. Bradcovich ("Defendant") moves for summary judgment in this negligence case. ECF No. 63. For the following reasons, the Court **DENIES** Defendant's motion.

### I.    FACTS

Plaintiff's claim arises out of a tragic incident, the facts of which the Court has previously recited in Case No. 2:12–cv–135, ECF No. 84. The Court consolidated that case and the instant case. ECF No. 16. The facts relevant to Plaintiff's claim in this case are as follows.

Late in the evening on December 25, 2011, James Coil ("Coil") and his partner Bradley Starcher ("Starcher") were walking along Third Street in Brilliant, Ohio. The couple had paused for a break and was sitting on a guardrail in front of a closed gas station when Officer Jeffrey Kamerer ("Plaintiff") confronted them. Plaintiff asked to see Coil's identification, and an altercation ensued.

During the altercation, Defendant slammed Coil to the ground, sprayed mace onto his face, rolled him on his stomach, and handcuffed his hands behind his back. Defendant left Coil handcuffed in the street and went to pursue Starcher. Defendant sprayed mace on Starcher eyes and took him to the ground on the lawn beside the road.

Coil remained handcuffed face down on the road while Plaintiff was with Starcher on the side of the road. At the same time, Defendant was driving in the area. He turned onto Third Street and drove south at twenty miles per hour. As Defendant approached the scene, Plaintiff left Starcher and returned to Coil. As soon as Plaintiff reached Coil, Defendant struck the two of them.

Cynthia Devore ("Devore") witnessed some of the events. She stopped her car by the scene and turned on her bright headlights. Devore testified she believed Plaintiff saw the car coming because he hustled onto the street. Devore Dep. 43, ECF No. 64-1. Plaintiff maintains he did not see the headlights approaching and returned just because Coil was in the roadway. Kamerer Dep. 125–26, ECF No. 64-3.

Coil suffered permanent brain damage and is not expected to recover, while Plaintiff suffered significant injuries to his shoulder and legs. Defendant was not cited by the state highway patrol for his role in the incident.

## II. STANDARD OF REVIEW

The standard governing summary judgment is set forth in Federal Rule of Civil Procedure 56(a), which provides: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must grant summary judgment if the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Van Gorder v. Grand Trunk W. R.R., Inc.*, 509 F.3d 265, 268 (6th Cir. 2007).

When reviewing a summary judgment motion, the Court must draw all reasonable inferences in favor of the nonmoving party, who must set forth specific facts showing there is a genuine issue of material fact for trial, and the Court must refrain from making credibility determinations or weighing the evidence. *Matsushita Elec. Indus. Co.*, 475 U.S. 574, 587 (1986); *Pittman v. Cuyahoga Cnty Dept. of Children and Family Serv.*, 640 F.3d 716, 723 (6th Cir. 2011). Summary judgment will not lie if the dispute about a material fact is genuine, "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Barrett v. Whirlpool Corp.*, 556 F.3d 502, 511 (6th Cir. 2009).

### III. ANALYSIS

Plaintiff claims Defendant was negligent in striking him with his vehicle. He appears to offer two bases for alleging negligence: (1) Defendant violated the common law duty of care that drivers owe to pedestrians, and (2) Defendant was negligent *per se* in failing to maintain an assured clear distance in violation of Ohio Revised Code § 4511.21.

Defendant moves for summary judgment on Plaintiff's common law negligence claim on the ground that Plaintiff was negligent *per se* by entering the roadway in front of Defendant's vehicle. Defendant does not address Plaintiff's allegation regarding negligence *per se* in violation of Ohio Revised Code § 4511.21.

In response, Plaintiff does not dispute that he was negligent *per se* in entering the road but argues that Defendant was also negligent *per se* by failing to keep an assured clear distance.

**A. Plaintiff's Negligence *Per Se***

Plaintiff alleges Defendant was negligent in operating his vehicle and in failing to act reasonably to avoid the collision with Plaintiff and Coil. Compl. ¶ 4, ECF No. 2.

Defendant moves for summary judgment, arguing that he had no duty to look out for Plaintiff and that Plaintiff was negligent *per se* in entering the roadway into Defendant's path of travel.

"Under Ohio law, in an action based on negligence, each party is presumed to have exercised due care until proven otherwise. To prove negligence, Plaintiff must show the existence of a duty, a breach of that duty, and an injury resulting proximately from the breach." *West v. Hilton*, No. 3:10–cv–284, 2012 WL 6676893, at *2 (S.D. Ohio Dec. 21, 2012) (internal quotation marks and citations omitted).

Ohio law requires that all drivers exercise reasonable care to "avoid colliding with any pedestrian upon any roadway." Ohio Rev. Code § 4511.48(E). However, "a driver need not look for pedestrians or vehicles violating his right of way. Drivers must exercise due care to avoid colliding with a pedestrian in his right of way *only upon discovering a dangerous or perilous situation*." *Hilton*, 2012 WL 6676893, at *3 (internal quotation marks and citations omitted); *see also Snider v. Nieberding*, No. CA2002-12-105, 2003 WL 22427808, at *3 (Ohio Ct. App. Dist. 12 Oct. 27, 2003) (finding that negligence was not supported because "drivers with the right of way have no duty to keep an 'effective look out' for those violating his right of way."). Indeed, the mere "fact that a vehicle hits an individual on a roadway does not establish negligence." *Snider*, 2003 WL 22427808, at *3.

Defendant argues that Plaintiff was negligent *per se* in entering the roadway not at a crosswalk and failing to yield the right of way to Defendant's oncoming vehicle. As such, he argues, he "had no duty to anticipate that Plaintiff

would violate his right of way" by suddenly entering the roadway in Defendant's path of travel.  Mot. Summ. J. 16, ECF No. 63.

Negligence *per se* is distinct from ordinary negligence, as it is "negligence as a matter of law."  While ordinary negligence "must be found by the jury from the facts . . . [negligence *per se*] is a violation of a specific requirement of law or ordinance . . . ."  *Eisenhuth v. Moneyhon*, 161 Ohio St. 367, 374 (1954).  The violation of the statute must also be unexcused in order to constitute negligence *per se*.  *Spalding v. Waxler*, 2 Ohio St. 2d 1, 4 (1965).  A legal excuse for failure to comply with a safety statute requires a party to "show that something over which he had no control or an emergency not of his making made it impossible for him to comply with the statute." *Id.*

Defendant argues Plaintiff was negligent *per se* by violating two provisions of the Ohio Revised Code: § 4511.46 and § 4511.48.  Section 4511.46 provides that "no pedestrian shall suddenly leave a curb or other place of safety and walk or run into the path of a vehicle . . . which is so close as to constitute an immediate hazard."  Ohio Rev. Code § 4511.46(B).  Section 4511.48 provides that "every pedestrian crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right of way to all vehicles . . . upon the roadway."  Ohio Rev. Code § 4511.48(A).

Courts have found violations of these provisions to constitute negligence per se. *See, e.g., Wallace v. Hipp*, No. L–11–1052, 2012 WL 525530, at *4 (Ohio Ct. App. Dist. 6 Feb. 17, 2012) ("Since appellee failed to comply with both R.C. 4511.46(B) and 4511.48(A), we conclude that the trial court correctly found that she was negligent per se."); *Snider*, 2003 WL 22427808, at *3; *Higgins v. Bennett*, No. CA99–08–022, 2000 WL 253672, at *4 (Ohio Ct. App. Dist. 12, March 6, 2000).

Here, Defendant was lawfully traveling in his lane of traffic. *See* Bradcovich Dep. 37–38, ECF No. 64-2 (Defendant was driving down Third Street at approximately twenty miles per hour, looking straight ahead). "[T]here is nothing in the record to show that [Defendant] actually saw [Plaintiff] prior to the collision or that there was any expected hazard or danger present which would have required [Defendant] to be on the lookout for [Plaintiff]." *Wallace*, 2012 WL 525530, at *19; Bradcovich Dep. 36, ECF No. 64-2 (testifying that he did not see anything in the road ahead of him when he turned onto Third Street). Thus, Defendant had no duty to look out for pedestrians or vehicles violating his right of way. *See Hilton*, 2012 WL 6676893, at *3 ("Drivers must exercise due care to avoid colliding with a pedestrian in his right of way *only upon discovering a dangerous or perilous situation*.").

Plaintiff, after restraining Starcher on the side of the roadway, entered the roadway, without a crosswalk and not in an intersection, into Defendant's path.

*See* Devore Dep. 26, 40, ECF No. 64-1 (testifying that as soon as headlights appeared, Plaintiff hurried into the roadway to pick up Coil and had not been in the roadway for more than "just a second" when Defendant hit him); Plaintiff Dep. 122–26, ECF No. 64-3 (testifying that after restraining Starcher on the side of the road, he went to the roadway to retrieve Coil). Defendant has also adduced evidence that Plaintiff was not in the road long before Defendant hit him, suggesting that Plaintiff suddenly left a place of safety and entered into the path of a vehicle that was so close as to constitute an immediate hazard. *See* Devore Dep. 26, 40, ECF No. 64-1 (testifying that Plaintiff had not been in the roadway for more than "just a second" when Defendant hit him); Plaintiff Dep. 126, ECF No. 64-3 (testifying that it took only seconds to remove his knee from Starcher's back, tell Starcher to remain on the side of the road, and intend to go retrieve Coil); *id.* at 129 (testifying that Defendant hit him as soon as he walked back onto the road and began to lift Coil).

Defendant has therefore adduced evidence from which a reasonable jury could infer that Plaintiff violated Defendant's right of way by suddenly entering the roadway and failing to yield the right of way to Defendant. Plaintiff does not address Defendant's argument, let alone offer contrary evidence or argument.[1] The Court therefore finds that Defendant has established that Plaintiff's actions

---

[1] Nor does Plaintiff attempt to establish that something over which he had no control or an emergency not of his making made it impossible for him to comply with the statute.

constitute negligence *per se* in violation of §§ 4511.48 and 4511.46 and that Defendant had no common law duty to exercise due care to avoid striking Plaintiff. See *Wallace*, 2012 WL 525530, at * 4 ("[A]ppellee was lawfully in the right of way and had not duty to look for appellant, who was violating that right of way."); *Meyer v. Rapacz*, No. 95571, 2011 WL 2112724, at *4 (Ohio Ct. App. Dist. 8 May 26, 2011) ("A driver has no duty to look for danger unless there is reason to expect it . . . . We fail to see . . . how a jury could conclude that Rapacz should have foreseen a perilous situation requiring him to exercise greater care to stop on the roadway or take other action.").

For this reason, the Court finds that Defendant did not violate the common law duty of care owed to pedestrians. Thus, to the extent Plaintiff's claim depends on common law negligence, the Court finds that Defendant is entitled to summary judgment.

The Court's inquiry does not end here, however. "Where 'one party is negligent per se and there is no evidence of any negligence on the part of the other party, there is nothing to submit to a jury.'" *Wallace*, 2012 WL 525530, at * 2 (citation omitted). As noted above, Plaintiff does not address Defendant's argument that Plaintiff was negligent *per se* in entering the roadway in the path of Defendant's vehicle. Plaintiff does argue, however, that Defendant was also negligent *per se* by violating Ohio's assured clear distance statute. In other

words, Plaintiff appears to argue that his own negligence is immaterial because Defendant breached a duty that he owed Plaintiff as a matter of law.

### B. Defendant's Negligence *Per Se*

Ohio's assured clear distance statute provides that "[n]o person shall operate a motor vehicle . . . at a speed greater or less than is reasonable or proper . . . and no person shall drive any motor vehicle . . . upon any street or highway at a greater speed than will permit him to bring it to a stop within the assured clear distance ahead." Ohio Rev. Code § 4511.21.

"A violation of R.C. 4511.21(A) requires evidence that the driver collided with an object which (1) was ahead of [him] in [his] path of travel, (2) was stationary or moving in the same direction as the driver, (3) did not suddenly appear in the driver's path, and (4) was reasonably discernable." *Wallace*, 2012 WL 525530, at *4 (citing *Blair,* 49 Ohio St. 2d at 7). A violation of Ohio Revised Code § 4511.21 constitutes negligence *per se*. *Tomlinson v. City of Cincinnati*, 4 Ohio St. 3d 66, 69 (1983).

Plaintiff argues there exists a genuine dispute of material fact as to whether Coil was a reasonably discernable object. He contends that if Defendant could have seen Coil, then he should have been able to stop before striking Plaintiff, who occupied the same space as Coil. Based on the following relevant facts, the Court finds that Plaintiff has demonstrated a genuine issue of material fact on this issue.

Defendant had driven approximately one quarter mile on Third Street before the accident occurred. Bradcovich Dep. 34–35, ECF No. 64-2. The record reflects that the area of the accident was "extremely dark" with no pole lights on the road. *Id.* at 35. The road is made of dark asphalt. *Id.* Defendant saw no police lights. *Id.* at 36; *see also* Devore Dep. 19–20, ECF No. 64-1 (testifying that Plaintiff's police cruiser was completely dark). Coil was wearing a dark wool coat and blue jeans. Devore Dep. 68, ECF No. 64-1.

Defendant had his high beams on when he first pulled onto Third Street. Bradcovich Dep. 35–36, ECF No. 64-2. As Defendant turned onto the street, he saw a car approaching from the opposite direction, at which point he dimmed his high lights. *Id.* at 36–37. He was traveling twenty miles per hour, looking straight ahead. *Id.* at 37–38. He did not see anyone lying in the road or anyone off to the side of the road. *Id.* at 41. As he was driving south on Third Street, something startled him. *Id.* at 42. He thought it might be a deer jumping out in front of him and slammed on his brakes. *Id.* at 42. There was no lag time between when he was startled and the collision; it was instantaneous. *Id.* at 44, 51. Plaintiff testified that he did not see a car coming as he entered the roadway towards Coil. Kamerer Dep. 126, ECF No. 64-3.

Defendant presents expert testimony that he "could not have discerned Coil in the roadway at a distance that would have prevented [him] from striking Coil" due to, *inter alia*, Coil's dark clothing, the dark roadway, the reflective tar on

the roadway, and the high beams shining in Defendant's direction as he approached Coil. Green Aff. ¶ 9, ECF No. 66-1.

Viewing this evidence in the light most favorable to Plaintiff, the Court finds that a genuine issue of material fact exists as to whether Coil was reasonably discernable to Defendant. On the one hand, a reasonable jury could infer from these facts that Coil was not reasonably discernable to Defendant. It was dark, Coil was wearing dark clothing, Coil was lying on the ground as opposed to standing upright, there were headlights shining in Defendant's direction, and Defendant himself testified that he did not see anything obstructing his path as he travelled down Third Street. The expert testimony proffered by Defendant furthers supports the finding that Defendant could not have seen Coil.

Viewing the evidence in the light most favorable to Plaintiff, however, a reasonable jury could also find that Coil was a reasonably discernable object to Defendant under the circumstances. "As a general proposition, in cases where a collision occurs at night or during weather conditions that reduce visibility, courts hold that a jury question exists as to whether the object the driver struck is reasonably discernible". *Novovic v. Greyhound Lines, Inc.*, No. 2:09–CV–00753, 2011 WL 5520959, at *5 (S.D. Ohio Nov. 14, 2011) (internal quotation marks and citation omitted). Again, it was dark, but the road was illuminated by Defendant's headlights, he was driving slowly, looking straight ahead, and there is no evidence that his view was obstructed. A reasonable jury *could* determine from

such evidence that Defendant could have reasonably discerned Coil lying in the road. While the strength of this evidence is questionable, it is the role of the jury, not the Court, to weigh the evidence, including expert testimony, and evaluate its credibility.[2]

In sum, Plaintiff has failed to establish a genuine issue of material fact as to whether Defendant breached a duty to exercise reasonable care in operating his vehicle or avoiding the collision with Plaintiff. There does exist, however, a genuine issue of material fact as to whether Defendant was negligent *per se* in violating Ohio's assured clear distance statute. As such, Defendant is not entitled to judgment as a matter of law on Plaintiff's claim.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's motion for summary judgment, ECF No. 63. The parties shall contact the Court within

---

[2] Defendant avers that Plaintiff cannot "take advantage of a separate duty owed to a separate person" by arguing that Defendant could have stopped to avoid striking Coil rather than Plaintiff. But negligence *per se* does not involve the traditional considerations of duty and breach. Rather, if an individual is within the class of persons that a statute is meant to protect and suffered the type of injury against which the statute is meant to protect, injury caused by a violation of that statute is sufficient to establish negligence. *See, e.g., Smith v. Heslop, Inc.*, No. 27465, 2015 WL 5043864, at *3 (Ohio Ct. App. Dist. 9 Aug. 26, 2015); *Doss v. Dept. of Rehab. and Corr.*, No. 99AP-661, 2000 WL 311925, at *2 (Ohio Ct. App. Dist. 10 Mar. 28, 2000). Defendant does not argue that Plaintiff is not within the class of persons meant to be protected by Ohio's assured clear distance statute.

**fourteen days of the date of this Order** to schedule a status conference.

    **IT IS SO ORDERED.**

                                      **/s Michael H. Watson**
                                **MICHAEL H. WATSON, JUDGE**
                                **UNITED STATES DISTRICT COURT**